UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIVIN M. BARBOZA
and other similarly situated individuals,

    Plaintiff(s),

v.

SABOR VENEZOLANO KENDALL, INC.
KATHERINE ACOSTA, and
MANUEL VILLALOBOS, individually,

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARIVIN M. BARBOZA and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SABOR VENEZOLANO KENDALL, INC., KATHERINE ACOSTA, and MANUEL VILLALOBOS individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for half-time unpaid overtime wages, under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MARIVIN M. BARBOZA is a resident of Miami, Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant SABOR VENEZOLANO KENDALL, INC. (hereinafter SABOR VENEZOLANO, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. The individual Defendants KATHERINE ACOSTA, and MANUEL VILLALOBOS were and are now, the owners/officers and managers of Defendant Corporation SABOR VENEZOLANO. Individual Defendants KATHERINE ACOSTA, and MANUEL VILLALOBOS DERON are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff MARIVIN M. BARBOZA as a collective action to recover from Defendants, regular wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class"), and who worked in excess of forty (40) hours during one or more weeks on or after September 2018, (the "material time") without being properly compensated.

7. Defendant SABOR VENEZOLANO is a Venezuelan restaurant located at 13762 SW 88 ST, Miami, FL 33186, where the Plaintiff worked.

8. Defendants SABOR VENEZOLANO, KATHERINE ACOSTA, and MANUEL VILLALOBOS employed Plaintiff MARIVIN M. BARBOZA as a cook assistant from approximately September 09, 2018, to October 14, 2019, or 57 weeks.

9. The Plaintiff was hired as a full-time, non-exempted, salaried employee. During her employment period, the Plaintiff was paid a salary. From her first day of employment to August 31, 2019 Plaintiff was paid $561.00 per week.

10. From September 01, 2019 to October 14, 2019 (8 weeks), the Plaintiff was paid $661.00 per week. In this period, Plaintiff was paid $561.00 with check and $100.00 in cash.

11. The Plaintiff had a regular schedule. The Plaintiff worked 6 days per week from 7:00 AM to 3:00 PM (8 hours daily), resulting in 48 hours per week.

12. From August 20, 2019, to October 14, 2019, the Plaintiff's working hours were reduced to an average of 42 hours weekly.

13. While employed by Defendants, Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for all her hours at her regular rate, but she did not receive payment for overtime hours as established by the Fair Labor Standards Act.

14. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. The Plaintiff was paid with paystubs that did not reflect the number of days and the real number of hours worked every week.

17. On or about October 14, 2019, The Plaintiff was fired due to discriminatory reasons. The Plaintiff is in the process of filing her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

18. The Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on her best recollections.

19. Plaintiff MARIVIN M. BARBOZA seeks to recover half-time overtime wages for every hour in excess of 40 that she was paid at her regular wage-rate, liquidated damages and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff MARIVIN M. BARBOZA re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff MARIVIN M. BARBOZA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September

2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant SABOR VENEZOLANO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

25. Defendants SABOR VENEZOLANO, KATHERINE ACOSTA, and MANUEL VILLALOBOS employed Plaintiff MARIVIN M. BARBOZA as a cook assistant from approximately September 09, 2018, to October 14, 2019, or 57 weeks.

26. The Plaintiff was hired as a full-time, non-exempted, salaried employee. During her employment period, Plaintiff was paid a salary. From her first day of employment to August 31, 2019 Plaintiff was paid $561.00 per week.

27. From September 01, 2019 to October 14, the Plaintiff was paid $661.00 per week. In this period, Plaintiff was paid $561.00 with check and $100.00 in cash.

28. The Plaintiff had a regular schedule. The Plaintiff worked 6 days per week from 7:00 AM to 3:00 PM (8 hours daily), resulting in 48 hours per week.

29. From August 20, 2019, to October 14, 2019 (8 weeks), the Plaintiff's working hours were reduced to an average of 42 working hours per week.

30. While employed by Defendants, Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for all her hours at her regular rate, but she did not receive payment for overtime hours as established by the Fair Labor Standards Act.

31. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

33. The Plaintiff was paid with paystubs that did not reflect the number of days and the real number of hours worked every week.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

   Two Thousand Four Hundred Nineteen Dollars and 12/100 ($2,419.12)

   b. Calculation of such wages:

   Total time of employment: 57 weeks
   Total number of relevant weeks: 57 weeks

   **1.- Overtime calculations for 49 weeks paid at $561.00 weekly**

   Relevant weeks:  49 weeks
   Total hours worked: 48 hours weekly
   Total overtime hours: 8 O/T hours
   Paid salary: $561.00 weekly: 48 hours= $11.69 an hour
   Regular rate: $11.69 x 1.5= $17.54 O/T rate
   O/T rate: $17.54-$11.69 rate paid=$5.85 half-time O/T difference

   O/T half-time $5.85 x 8 O/T hours=$46.80 weekly x 49 weeks=$2,293.20

   **2.- Overtime calculations for 8 weeks paid at $661.00 weekly**

   Relevant weeks:  8 weeks
   Total hours worked: 42 hours weekly
   Total overtime hours: 2 O/T hours
   Paid salary: $661.00 weekly: 42 hours= $15.74 an hour
   Regular rate: $15.74 x 1.5= $23.61 O/T rate
   O/T rate: $23.61-$15.74 rate paid=$7.87 half-time O/T difference

   O/T half-time $7.87 x 2 O/T hours=$15.74 weekly x 8 weeks=$125.92

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendants KATHERINE ACOSTA, and MANUEL VILLALOBOS were the owners and managers of SABOR VENEZOLANO. Defendants KATHERINE ACOSTA, and MANUEL VILLALOBOS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of SABOR VENEZOLANO in relation to their employees, including Plaintiff and others similarly situated. Defendants KATHERINE ACOSTA, and MANUEL VILLALOBOS had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

41. Defendants SABOR VENEZOLANO, KATHERINE ACOSTA, and MANUEL VILLALOBOS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIVIN M. BARBOZA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARIVIN M. BARBOZA and other similarly situated individuals and against the Defendants SABOR VENEZOLANO, KATHERINE ACOSTA, and MANUEL VILLALOBOS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARIVIN M. BARBOZA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MARIVIN M. BARBOZA demands trial by a jury of all issues triable as of right by a jury.

Dated:  November 7, 2019

                                    Respectfully submitted,

                                    By:  **/s/ Zandro E. Palma**
                                    ZANDRO E. PALMA, P.A.
                                    Florida Bar No.: 0024031
                                    9100 S. Dadeland Blvd.
                                    Suite 1500
                                    Miami, FL 33156
                                    Telephone: (305) 446-1500
                                    Facsimile:  (305) 446-1502
                                    zep@thepalmalawgroup.com
                                    *Attorney for Plaintiff*